UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SHATIMA JONES, KATTY VASQUEZ,
WASLER LIGENE, KAREN HAUGHTON,
CHAYA JACKSON, CHARLES LAMBO,
Individually and on Behalf : ECF
of All Other Persons Similarly Situated,
: 14 Civ. 5168 (CM)
Plaintiffs,

-against-        MEMO ENDORSED

SOBTAX NY, INC., MANDEEP SOBTI, ANJEET
SOBTI, and JOHN DOES #1-10,

Defendants.
--------------------------------------------------------------X

### PLAIINTIFFS' AND DEFENDANTS' JOINT MOTION
### TO APPROVE THE COLLECTIVE ACTION SETTLEMENT

For the reasons set forth in Plaintiffs' and Defendants' Joint Motion to Approve The Collective Action Settlement, Plaintiffs and Defendants respectfully move for approval of the settlement reached on behalf of the tax preparer employees in this Fair Labor Standards Act (FLSA) collective action. To effectuate a binding release, FLSA settlements generally require judicial approval. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). A settlement in an FLSA collective action is not effective unless it is approved by either a district court or the United States Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). However, settlement of a collective action does not implicate the same due process concerns as the settlement of a class action because, unlike in Rule 23 class actions, the failure to opt in to an FLSA collective action does not prevent a plaintiff from bringing suit at a later date. *See Romero v. La Revise Assocs.*, 58 F. Supp.3d 411, 421 (S.D.N.Y. 2014); *Beckman v. KeyBank, N.A., supra*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013). Accordingly, an FLSA

Handwritten annotations:
3/7/2016
The joint motion to approve the settlement is granted. The legal fees are approved as reasonable. I note that the fees do not reduce the recovery to the plaintiffs.

[signature]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/16

1

settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the settlement reflects a fair and reasonable compromise of disputed issues that was reached as a result of contested litigation. *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (Furman, D.J.). *See also Souza v. 65 St. Mark's Bistro*, 2015 U.S. Dist., LEXIS 15144 (Nov. 6, 2015) (discussing approval process after *Cheeks*); *Martinez v. Gulluoglu LLC*, 2016 U.S. Dist. Lexis 18273 (February 11, 2016) (same).

We have attached as Exhibit A for the Court's review and approval a copy of the Settlement Agreement ("Settlement Agreement" or "Settlement") executed by the Named Plaintiffs, the opt-in Plaintiffs, and the Defendants. We respectfully request that, if the terms of the Settlement meet with the Court's approval, the Court so order its approval of the Settlement by granting this motion or so ordering the attached Settlement Agreement and signing the proposed order of dismissal with prejudice attached hereto as Exhibit D.

The Settlement is a collective action settlement under Section 16(b) of the Fair Labor Standards Act and is not a class action settlement under Fed. R. Civ. P. 23. Consequently, the settlement affects only the Named Plaintiffs who have signed the Settlement Agreement and the opt-in Plaintiffs who chose affirmatively to opt into the case and sign the Settlement.

**Background**

The above-captioned collective action (the "Action") was commenced July 11, 2014. Plaintiff and the potential collective action members are current and former employees of Sobtax NY, Inc., who worked as tax preparers. The Action sought to recover unpaid wages and unpaid overtime and related damages pursuant to the FLSA, the New York Labor Law, and common law breach of contract, based on the alleged failure of Sobtax NY, Inc. to pay for hours worked as shown on the time records reflecting punch in and punch out times and based on certain

2

plaintiffs' allegations that they were not given 55 hours of work a week as required by their employment agreements.

On November 7, 2014, Plaintiffs filed a motion seeking collective action certification. The Parties negotiated a settlement of the motion, and on February 22, 2015, the Court granted certification of a collective action of tax preparers who worked more than 40 hours in a week since January 19, 2012, and notice was mailed to 54 tax preparers on March 27, 2015. Six tax preparers opted into the action joining the original 6 named plaintiffs. Subsequently, Charles Lambo decided to withdraw from the suit and his claims were dismissed without prejudice on January 26, 2016. Accordingly, the action proceeded with 11 Plaintiffs.

Since the filing of the Complaint, counsel for the parties have engaged in discovery, and have exchanged hundreds of pages of documents. The parties have also been actively engaged in settlement negotiations and have actively analyzed Plaintiffs' claims using spreadsheets and have exchanged offers and counteroffers based on the spreadsheets. The negotiations involved offers and counteroffers, and counsel for the parties eventually reached a settlement satisfactory to both the Named Plaintiffs, the Opt-in Plaintiffs, and Defendants. Since there were 11 total Plaintiffs it was time consuming to negotiate and eventually execute the final settlement agreement.

## Negotiation and Basis for Settlement

The Settlement was negotiated by the Named Plaintiffs and was derived by analyzing the payroll records, employment agreements and time records of the Plaintiffs, provided by Sobtax NY, Inc., and the Plaintiffs. Plaintiffs argued that they should be paid for the hours listed on their time records for which they allegedly were not paid, and certain of the Plaintiffs with contested clauses in their employment agreements argued that they should be paid for at least 55 hours a week in weeks when they were given less than 55 hours. Defendants argued, *inter alia*,

3

that (a) the time records were not always accurate, (b) all the Plaintiffs did not have 55 hour minimum work week provisions in their employment agreements and (c) many Plaintiffs were offered 55 hours of work and chose to work less than 55 hours.

## Summary of the Settlement

Under the Settlement, Defendants have agreed to pay to the Plaintiffs and their attorneys the gross total sum of **Forty-Two Thousand Six Hundred Ninety-Four and 76/100 Dollars ($42,694.76)** (the "Settlement Amount"), payable by separate checks as follows:

| | |
|---|---|
| Chaya Jackson | $883.12 (gross amt. subject to withholdings) |
| Wasler Ligene | $576.10 (gross amt. subject to withholdings) |
| Katty Vasquez | $4,508.45 (gross amt. subject to withholdings) |
| Oona Cargill | $2,782.16 (gross amt. subject to withholdings) |
| Johanna Michael | $503.92 (gross amt. subject to withholdings) |
| Kathleen Wilson | $1,670.27 (gross amt. subject to withholdings) |
| Roselyn Ephraim | $2,906.92 (gross amt. subject to withholdings) |
| Nyri Jefferies | $328.80 (gross amt. subject to withholdings) |
| Shatima Jones | $1,435.14 (gross amt. subject to withholdings) |
| Thayana Grullon | $4,909.34 (gross amt. subject to withholdings) |
| Karen Haughton | $1,790.54 (gross amt. subject to withholdings) |
| Law Office of William Coudert Rand | $20,400.00 |

The Settlement Amount was calculated as 100% of the unpaid straight and overtime hours as calculated based on the time records plus 75% of the unpaid 55 hour minimum week requirement set forth in certain Plaintiffs' employment contracts and 32% liquidated/punitive damages and interest in the amount of 9% and attorneys' fees and expenses in the amount of $20,400. All checks constituting the Settlement Amount will be delivered to Plaintiffs' Counsel no later ten (10) days following final approval of this Agreement by the Court. Plaintiffs have released any and all claims based on acts occurring from the beginning of the world through December 1, 2014, and the Defendants have also provided a similar general release of claims to each of the Plaintiffs.

4

The legal fees paid as part of the settlement are not being taken out of any amounts paid to the Plaintiffs but are being paid directly by Defendants to Plaintiffs' Counsel under the fee shifting provisions of Section 216(b) of the FLSA, and the New York Labor Law. The Plaintiffs' and Defendants' attorneys negotiated the settlement and fee payment at arm's length, and the Named Plaintiffs and Opt-In Plaintiffs agreed to the terms of the settlement after being informed of the amount of attorney's fees.

### The Legal Fees To Be Paid Under the Settlement Agreement Are Reasonable

The FLSA and NYLL both are fee-shifting statutes, entitling Plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 216 (b); N.Y. Lab. Law § 198 (1-a). Legal fees in FLSA actions are the result of fee shifting in the statute and are not subject to a proportionality to the recovery but rather are recovered based on the work performed regardless of the monetary recovery achieved. Judge Denny Chin has stated in *Ayres v. 127 Restaurant Corp.*, 1999 U.S. Dist. Lexis 7935 at *4-5 (S.D.N.Y. May 21, 1999), *aff'd*, 1999 U.S. App. Lexis 34235 (2d Cir. December 23, 1999):

> [T]he courts have consistently held that an attorneys' fee award should not be reduced to achieve proportionality with the amount of the recovery. *See City of Riverside v. Rivera*, 477 U.S. 561, 575, 91 L. Ed. 2d 466, 106 S. Ct. 2686 (1986); *Quaratino*, 166 F.3d at 426 ("Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation. Were we to adopt the 'billing judgment' approach that the district court advocates, we would contravene that clear legislative intent by relinking the effectiveness of a civil rights plaintiff's legal representation solely to the dollar value of her claim.") (citation omitted). This reasoning is particularly applicable to wage and hour cases, where the recoveries usually are not high.

"There is no rule requiring proportionality between the amount of fees requested and the damages recovered. The Second Circuit recently stated that 'while a court may, in exceptional circumstances, adjust the lodestar, it may not disregard it entirely. Especially for claims where

5

the financial recovery is likely to be small, calculating attorneys; fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel.'" *Clark v. New York City Health and Hospitals Corp.,* 2011 U.S. Dist. LEXIS 95621 *7 (S.D.N.Y. Aug. 24, 2011) (*citing Millea v. Metro-North R.R. Co.*, Nos. 10-409-cv, 10-564-cv, 658 F.3d 154, 2011 U.S. App. LEXIS 16354 at *10 (2d Cir. Aug. 8, 2011).

The settlement provides for the payment of Plaintiffs' counsel fees in the amount of $19,572.50 ($20,400 minus expenses of $647.50). The amount was based on Plaintiffs' Counsel's hours of work on the case, which equal 82.6 hours and constitutes an hourly rate of $236.95 per hour which is extremely reasonable given that Plaintiffs' Counsel, William C. Rand, Esq., has over 20 years of litigation experience and specializes in FLSA collective actions. The hours reasonably reflect the numerous hours required to prosecute an action on behalf of 11 plaintiffs in which Plaintiffs' Counsel, *inter alia*, (a) communicated with numerous opt-in plaintiffs, (b) drafted declarations; (c) drafted discovery requests and interrogatories and deposition notices; (d) reviewed thousands of pages of payroll documents; (e) created spreadsheets to analyze plaintiffs' claims; (f) drafted and filed a motion for collective action certification and negotiated and mailed out a collective action notice; (g) served an FLSA Notice and subsequently filed 5 opt-in forms, and (h) negotiated and executed a collective action settlement agreement. The Plaintiffs have all been specifically advised of the amount of attorneys' fees that Plaintiffs' Counsel will receive and have agreed to the fee.

The rate of $236.95 per hour has been found by courts in this District to be a reasonable rate. "Courts in this District have determined that the range between $250 and $450 is generally an appropriate fee for experienced civil rights and employment law litigators." *Maldonado v. La*

6

*Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 at * 46 (S.D.N.Y. May 14, 2012) (citing *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011) (finding rates of $450 for partners and $300 for associates at "well-known and highly respected law firm" are "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases")). Additionally, this District has found a rate of $350-$400 per hour to be a reasonable rate for the work performed in a FLSA case by an attorney with 12 years of litigation experience. *See Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, 2010 WL 3452417, at *7-9 (S.D.N.Y. Sept. 1, 2010). *See also Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. LEXIS 33883, 2007 WL 1373118, at *3-4 (awarding associate director of Urban Justice Center with fifteen years experience $400 per hour). Here, counsel for the Plaintiffs is requesting attorney's fees at a reasonable rate, below the average rate found to be reasonable by this District.

**<u>Negotiated Attorney's Fee Agreements Are Favored</u>**

Negotiated attorneys' fee agreements are favored in collective action settlements. Federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. *See In re MDC Holdings Sec. Litig.*, [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,474, at 97,487-88 (S.D. Cal. Aug. 30, 1990) ("Because this Court believes the parties should be encouraged to settle all their disputes as part of the settlement… , including the amount of the fee, it believes that if the agreed-to fee falls within a range of reasonableness, it should be approved as part of the negotiated settlement between plaintiffs and defendants."); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 829 (D. Mass. 1987) ("Whether a defendant is required by statute or agrees as part of the settlement of a class action to pay the plaintiffs' attorneys fees, ideally the parties will settle the amount of the fee between

themselves.*"); Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically and professionally arrive at a settlement as to attorney's fees.")

In affirming the award of a negotiated fee, the Second Circuit has stated:

> [W]here…the amount of the fees is important to the party paying them, as well as to the attorney recipient, it seems to the author of this opinion that an agreement 'not to oppose' an application for fees up to a point is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged. It is difficult to see how this could be left entirely to the court for determination after the settlement.

*Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985), cert. denied, 475 U.S. 1143 (1986).

The virtue of a fee negotiated by the parties at arm's length is that it is, in effect, a market-set price. Defendants have an interest in minimizing the fee; plaintiffs have an interest in maximizing it; and the negotiations are informed by the parties' knowledge of the work done and result achieved and their views on what the court might award if the matter were litigated. In *In re Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests. "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price." Id. at 568. "It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." Id. "Markets know market values better than judges do." Id. at 570. "The object in awarding a reasonable attorney's fee…is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." Id. at 572. Here, such a negotiation was feasible, and was conducted. The fee was negotiated at arm's length by sophisticated counsel familiar with the case, the risks for both sides, the nature of the result obtained for the class, and the magnitude of the fee the Court might

8

award if the matter were litigated. Thus, the negotiated fee is entitled to a presumption of reasonableness.

The legal fees are reasonable as they equal approximately $236.95 per hour for the 82.6 hours worked by counsel William C. Rand. I have attached as Exhibit B the time records of the Law Office of William Coudert Rand and have attached as Exhibit C the Law Firm's biography. The rate recovered in this action of approximately $236.95 per hour is very reasonable in light of the complexity of the case and the experience of the lawyers. The litigation involved numerous plaintiffs and thousands of pages of documents and was litigated strenuously with settlement negotiations taking place over numerous months.

## Court Approval of Settlement

The parties seek approval of their Settlement Agreement because employees' settlement releases will only be enforceable if the United States Department of Labor or a court approves the stipulation of settlement. 29 U.S.C. § 216(c); Sampaio v. Boulder Rock Creek Developers, Inc., No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007), citing Manning v. New York University, No. 98 Civ. 3300, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. Aug. 21, 2001) and D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946).

9

## Conclusion

Counsel for Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve the enclosed Settlement Agreement.

Dated: March 3, 2016

                        Respectfully submitted,

                        LAW OFFICE OF WILLIAM COUDERT RAND

                        *s/William C. Rand*

                        William Coudert Rand
                        501 Fifth Ave., 15th Floor
                        New York, N.Y. 10017
                        wcrand@wcrand.com
                        (212) 286-1425
                        *Attorney for Plaintiffs*

                        **STEPHEN D. HANS & ASSOCIATES, P.C.**

                        s/Nils C. Shillito

                        Nils C. Shillito, Esq.
                        45-18 Court Square, Suite 403
                        Long Island City, N.Y. 11101
                        Phone: 718-275-6700 x 205; Fax: 718-275-6704
                        Attorneys for Defendants